opinion. Tietjens, Judge’. Petitioner’s contention, in substance, is that the “Amendment To Limited Partnership Agreement” constituted a contract of purchase and sale by which the general partners contracted to purchase the interests held by the limited partners in the predecessor Iowa Soya Company, with the result that the amounts credited to petitioner’s account under the amended agreement were received as the purchase price of a capital asset and should be treated as capital gain rather than as ordinary income. Petitioner also argues that at least that portion of the amounts credited to the limited partners by virtue of the voluntary election of the general partners (as distinguished from the sums credited because of the mandatory provisions of the agreement) was constructive income to the general partners and that the voluntary action of the general partners in crediting it to the limited partners constituted consideration paid to the limited partners by the general partners for a capital asset. The reasoning underlying these contentions is ingenious but we cannot find facts in the record which would lend it support. The arrangement among the participants in Iowa Soya Company was not complicated. Under the original partnership indenture each limited partner made a cash contribution in return for which he was entitled to share in net profits to the extent of iy2 per cent for each $5,000 contributed. When a limited partner got his money back with an additional 400 per cent his interest in the partnership terminated. The time and amount of distributions was in the hands of a committee of five of which the limited partners controlled a majority. Except for the functions of this committee the fundamental relationship of the parties with respect to sharing in the profits was not changed by the amended agreement. Under the new agreement the limited partners were still entitled to a minimum of iy2 per cent, to be received either in cash or credit to a reserve fund, or a larger percentage at the option of the general partners. This latter change was prompted by a desire to escape the tax effect of respondent’s position that Iowa Soya Company was taxable as a corporation. The right of a limited partner to share in the profits was still to terminate when he had got his contribution back and a 400 per cent profit thereon. We find nothing in the amended agreement even faintly resembling a sale or exchange. The amended agreement was just what it purported to be — an “Amendment To Limited Partnership Agreement.’’ It was not couched in the usual verbiage which connotes a sale and only by the most tenuous reasoning, or so it seems to us, could it be so construed. The only witness called by the parties was one of the general partners. His testimony specifically disavowed any intent to purchase the interest of any limited partner. True, the effect of crediting a limited partner’s account with profits would eventually be to terminate his interest in the partnership and the time of such termination could be accelerated by the election of the general partners to make available a larger percentage than the mandatory V/2 per cent. Nevertheless, we do not think that the credits made to petitioner’s account which, when the agreed amount was reached, would result in a termination of his interest are equivalent to payments on purchase price in connection with “the sale or exchange” of that interest. The result would be more like the extinguishment of an obligation than a sale or exchange. Cf. Charles E. McCartney, 12 T. C. 320. There being no sale or exchange of a capital asset, the capital gains sections of the Internal Revenue Code are not applicable. Neither do we find merit in petitioner’s argument that the amounts credited to petitioner’s account over and above the 1% per cent mandatory minimum were constructive income of and taxable to the general partners. Whatever control the general partners exercised over the distribution of profits flowed from the mutual agreement of all the partners. We cannot gather anything from the agreement which would indicate that profits over and above the 1 y2 per cent minimum belonged to the general partners and that any distribution of such excess to the limited partners would in reality be the paying over of funds owned by the general partners. Wh.at was done was simply to distribute partnership profits in accordance with the partnership agreement. The fact that some discretion was lodged in the general partners in respect to the amount to be distributed to the limited partners did not, in our opinion, translate any part of the profits so distributed into income of the general partners. No problem of return of capital is posed here. The amounts credited to petitioner by Iowa Soya Company represented his distributive share of the ordinary net income of the partnership and are taxable to him as ordinary income. Decision will be entered under Rule 50.